IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Raymond L. Smith

        Plaintiff,                      No. CIV S 05-0566 LKK CMK

    vs.

Gust Keproes, et al.,

        Defendants.             ORDER AND
                                       FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, who is proceeding pro se and in forma pauperis, brings this action pursuant to the Fair Housing Act, 42 U.S.C. § 3604, alleging that defendants discriminated against him on the basis of his status as a disabled person. Plaintiff also alleges various state law claims. Currently before the court are a motion to dismiss filed by defendant Jean Wright d/b/a Cove Mobile Villa ("Wright") sued herein as Jean Wright and Cove Mobile Villa (doc. 14) and a request for a preliminary injunction filed by plaintiff. (Doc. 16.) Plaintiff has filed an opposition to the motion to dismiss. (Doc. 15.) This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).

///

///

///

1

In her motion to dismiss, defendant Wright seeks dismissal on the grounds that the court lacks subject matter jurisdiction over the action as there is no diversity of citizenship between the parties and there is no federal question, case or controversy at issue in the complaint. She further contends that plaintiff has failed to state sufficient facts to support a cause of action under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq.  A complaint may be dismissed at any state of the proceedings when it becomes apparent that federal jurisdiction is lacking because the requisite diversity of citizenship does not exist.  See 28 U.S.C. § 1332.  However, as defendant notes and as plaintiff states in his opposition, plaintiff does not rely specifically on diversity of citizenship for federal jurisdiction, but instead relies on an allegation of a violation of the FHA.  Therefore, the dispositive inquiry is whether plaintiff has stated a claim for relief under the FHA.

The purpose of the FHA is to prevent discrimination against buyers and renters of houses on the basis of race, religion, national origin, gender or handicap.  See 42 U.S.C. §§ 3601 et seq.  The FHA defines a handicapped person as one who has a "physical or mental impairment which substantially limits one or more of such person's major life activities," as well as someone who "is regarded as having such an impairment".  42 U.S.C. § 3602(h)(1),(3).  "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.  24 C.F.R. § 100.201(b).  To establish a prima facie case under the FHA, plaintiff must demonstrate that, because of an actual or perceived handicap, he was discriminated against in the buying or renting of a home.  See 42 U.S.C. § 3604(f)(1)(A); See Gamble v. City of Escondido, 104 F.3d 300, 306 (9th Cir. 1996.)

Plaintiff alleges in his complaint that defendants interfered with his attempts to sell his mobile home.  (Compl. ¶ 5, 20.)  He has not alleged that he was discriminated against while attempting to buy or rent a residence.  Plaintiff cannot establish a prima facie case under the FHA.  Accordingly, the undersigned recommends that plaintiff's claims against defendant Wright be dismissed with prejudice.

1          Although only defendant Wright has filed a motion to dismiss, the federal in forma
2 pauperis statute authorizes the undersigned to dismiss an action if the action fails to state a claim
3 upon which relief can be granted.  See  28 U.S.C. § 1915(e)(2).  A complaint may only be
4 dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt
5 that plaintiff can prove no set of facts in support of the claim or claims which would entitle him to
6 relief. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  Unless it is clear that no
7 amendment can cure its defects, a pro-se litigant is entitled to notice and opportunity to amend his
8 complaint before dismissal. See  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000)(en
9 banc).   As previously stated, plaintiff cannot state a claim under the FHA because he does not
10 allege that he was discriminated against while attempting to buy or rent a home, rather he alleges
11 that he was discriminated against in his attempts to sell his mobile home.   Because it does not
12 appear possible that the deficiencies identified herein can be cured by amending the complaint,
13 plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez, 203
14 F.3d at 1126, 1131.  Once plaintiff's federal claim under the FHA is dismissed, his complaint
15 consists only of state law claims, leaving no basis for jurisdiction in this court.  See United Mine
16 Workers v. Gibbs, 383 U.S. 715 (1966).  Accordingly, the undersigned recommends that
17 plaintiff's claims against Gust Keproes, Bruce Hull, William Garner, Kenneth Bottoms, Paul
18 Woodcock and John Does 1-3 also be dismissed with prejudice.
19          The undersigned next considers plaintiff's request for injunctive relief prohibiting
20 defendant Cove Mobile Villa from failing properly to perform tree maintenance.   Plaintiff did not
21 plead in his complaint that Cove Mobile Villa was improperly maintaining trees.  The court
22 cannot grant injunctive relief for claims not raised in plaintiff's complaint.  Accordingly, the
23 undersigned recommends that plaintiff's request for injunctive relief be denied.
24 ///
25 ///
26 ///

Based on the foregoing, IT IS ORDERED that the hearing on defendant Wright's motion to dismiss noticed for December 13, 2005 before the Honorable Craig M. Kellison, United States Magistrate Judge at 2986 Bechelli Lane, Redding California is vacated.

IT IS RECOMMENDED THAT:

1. The Motion to Dismiss filed by defendant Jean Wright d/b/a Cove Mobile Villa be granted and that plaintiff's claims against defendant Jean Wright d/b/a Cove Mobile Villa sued herein as Jean Wright and Cove Mobile Villa be dismissed with prejudice;

2. Plaintiff's claims against Gust Keproes, Bruce Hull, William Garner, Kenneth Bottoms, Paul Woodcock and John Does 1-3 be dismissed with prejudice; and

3. Plaintiff's motion for preliminary injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 2, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE